The next case called is In the Interest of Shatavia S., a Minor. I'll call her defendant because I'll mess up and call her defendant anyway, so might as well start with that. She was charged with causing criminal damage to a car of less than $300 and resisting a police officer. That was in 2007 she was charged with that. The incident actually happened in August of 06. On August 9th of 07 she admitted that she threw a rock in a written document. We don't have any transcripts of what actually happened and apparently this stuff was never even recorded, the whole hearing thing. Nobody really knows what happened there, but there's no way to get any transcripts. So there is a written document where she handwrites, I think it's entitled admission or something, and she handwrites that she threw a rock. She was put on one year's supervision and they had a restitution hearing like eight months later, nine months later, in May of the next year. At that point she was ordered to pay $659.39 for repair to a rear quarter panel to the paint job for $392 and also a front windshield for $266. In order to perform 33 hours of community service on the basis that it would be her parents that would have to pay that money and she might as well do something to have earned it from someone. On the motion to reconsider, the restitution order, the amount, and the community service was denied. Now, defendant's argument on appeal is that the order allowing over $600 in restitution is not supported by the evidence and it's also not what she admitted to having done. She admitted to having thrown one rock, which couldn't possibly have damaged both the rear quarter panel. Well, so the charge was that she damaged a car? Criminal damage to property and lost $300 to a 1998 Mustang. Right, but did it say in this respect quarter panel and windshield? It did not. It did not. But let me think what it did say exactly. The admission, I think, may have included details of that, but it didn't include specifics. Did it cause this damage versus that damage? So it's really important. Did her admission say, I admit throwing the rock and thereby damaging the windshield and the quarter panel? I did. I threw a rock, I believe is what it says. So you're saying that just by throwing a rock, you can't damage both the windshield and the quarter panel? No, because they're on both different ends. The actual written admission is at page 30 of the record, so it should be easy to find, but I'm confident that it did not say the actual damage that was done. There were two different estimates, one from the windshield joint and one from a body shop. Oddly, the estimates were not taken until a year after the damage was done, which is interesting to me, because the first thing I do when I crash something is I run right down there and find out what I've done to myself. But it is a full year before any estimates, the official estimate that is presented to the court. Maybe there were others, but that's the one that was presented to the court a year later. And I can't fathom any way you can throw a single rock, which is all she admitted doing, and damage both ends of the same car. I also can't imagine driving around for a year with a trashed-up windshield. So there's certainly plenty of room that that happened in a separate incident. No one ever charged her specifically with damaging a windshield. She didn't admit that she damaged that windshield. Well, there's nothing in the record that it happened in a separate incident, right? Absolutely. There's nothing in the record that it happened anywhere. Yeah, I mean, it's speculation either way. Yeah, yeah. But the logic dictates that. How can that be? Even I am particularly skilled at breaking cars. I cannot do that with one rock. And I've got talent when it comes to tearing up things. So I just can't fathom how that could happen. That was the whole point of the motion to reconsider was that you can't have all that. So I think it's obvious that the evidence doesn't support, and there's no way to figure out how she could have done both of those things. And also she didn't admit having done both of those things with one rock. The state says that we don't have any jurisdiction to even talk about it now because, in fact, she was under a continuance as a juvenile thing allows. But we're not appealing her guilt. We're not asking you to rule on any order saying that she was delinquent. We're not asking you to do that. So we don't have to have a finding of that. Somebody somewhere in this transcript that doesn't exist determined she was guilty and that there was a restitution of community service needed to be imposed upon her. That wasn't done because they decided she didn't do it. That is, in effect, her sentence. If you don't let her appeal this restitution order, which is as final as that restitution order is ever going to get, if you don't let her appeal this now, she can never appeal it. So if she completes this supervision that justifies the continuance successfully, to do that, she has to pay all of this that's not justified and she didn't agree to and isn't supported by the record anywhere. That's the only way for her to complete this supervision. Was J.N. in that Supreme Court case, was that an appeal of a supervision order? Let's see. I'm sorry, I can't tell you the details of that. I don't think so. I don't either. I really don't believe it was because I know there's no case that is specifically directly on point to this that anybody could find. That would have made things a whole lot easier. But no, I don't believe that it was. And the point there, and J.N., one of the major points was that you've got to look at the substance of the order, not what anybody's calling it, and that's what I'm getting at with the they didn't impose restitution on her because they didn't think she was guilty. Somewhere along the line, even if we don't have a quote saying we find her guilty, let's continue it, and then find her delinquent on top of that if she doesn't fulfill these obligations, let's look at what must have happened for that order to have been entered in the first place. And according to J.N., let's treat it like what it must have been, not what anybody calls it. So if you hold that there is no jurisdiction to decide this now, if you're effectively depriving her of any realistic review of this issue, that is as final with this restitution order as it will ever be. It's not going to get more final depending upon whether or not they dismiss, they find that she finishes her supervision successfully, and so they don't have to enter an order of delinquency. If that's what happens, she's paid the $659. The whole thing has been dismissed as if it doesn't happen, but she just served a sentence. So it happened to somebody. She thinks she did something. I mean, she's been punished for something, so there has to be a way to appeal that, and there's no reason why it shouldn't be right now the way she's done it. So we would ask that you find that there is jurisdiction and that the record does not support this amount of damage. She didn't admit it, and there's no evidence in there to show that she could possibly have done these two kinds of things in one incident, and order that it be remanded to determine which of these pieces of damage she did. Did she break the windshield? Did she tear up the end of the car? Or take out the part that is not supported by her admission and any of the other evidence that's in the record. So that's what she'd ask you to do. Thank you. Thank you, Counsel. Counsel? Your Honors, Counsel, in enraging the order appealed from purported to be a supervisory board, I mean an order of supervision, continuance under supervision. But the Illinois Supreme Court looked at the substance of the order, and the order itself found the minor to be delinquent. And in open court, the court had found the minor to be guilty of the act's charge. So for that reason, the Illinois Supreme Court decided they had jurisdiction over that order, because it was, in fact, a final appealable order. And that's the State's point this morning. This court only has jurisdiction over final appealable orders, according to the Illinois Constitution, unless the Illinois Supreme Court has a rule which provides for an interlocutory appeal. Which means that every case that's continued under supervision is never appealable if the minor is discharged successfully. Well, no, it isn't. It truly isn't. The Illinois Supreme Court has provided two rules that pertain to interlocutory appeals under the Juvenile Court Act. That's Rule 662 and 306. And in listing those items, those circumstances, under which an interlocutory appeal will lie, the Illinois Supreme Court has omitted the appeal of a continuance under supervision. So basically, what you're advocating is that the only way a juvenile, under these circumstances, would get review of this restitution order would be to violate the order. Yes. So that then they're adjudicated delinquent. So they have to get adjudicated delinquent to challenge this money order. Correct. So the trial court here could say, you've got to pay for the whole car. And then the juvenile's only choice is to be adjudicated delinquent to appeal. Your Honors, the circumstances are that the Illinois Supreme Court has only provided for interlocutory appeals under the Juvenile Court Act. Well, this is a final order on the issue of restitution, isn't it? No. It's not going anyplace else? There's nothing else going to happen? No, it is not. It's the final word of the circuit court on that issue. No, it is not. The final order in the juvenile court case is the order of finding a juvenile delinquent and adjudicating him or her delinquent. That is the final appealable order. All other orders are interlocutory. So those are the circumstances. Although, you know, under the Juvenile Court Act, when the case is continued under supervision, there can be no finding of delinquency. There can be no adjudication. It is only if the juvenile violates it, then the court can proceed to adjudication. But prior to that, what we have is an interlocutory order. And for some reason, in the Illinois Supreme Court's wisdom, they have not provided for an appeal of an order of continuance under supervision. That's what we have here, and the conditions of continuance under supervision. And, yes, it's a matter of grace that a minor is permitted this option under the Juvenile Court Act. And trust that the court will impose reasonable conditions. So on this issue, we just trust with no right to appeal. Apparently there is. You know, it seems strange, but there is no basis for an interlocutory appeal of an order of continuance under supervision. If the Illinois Supreme Court should deign to fix that, it might be salutary, but it is not the case now. Well, it's not only a matter of interlocutory, it's effort, because the case will end if the money is paid. Exactly. And then the petition will be dismissed, and it will be as if it never occurred. And then there's no appeal from the dismissal of the petition, right? No. No, there's no appeal from the dismissal. You won. But the reason, you know, a continuance under supervision is only permitted where the parents don't object and the state's attorney does not object. And so in that case, I can't see that there would be any objection to the dismissal when the continuance is... There's no record of the restitution hearing for the court to review to see what was discussed about the damage? Yeah, there is the restitution hearing. There was? Yes, that transcript's in there. Okay. But the transcript that it doesn't exist is the proceedings where the court accepted the minor's request. This was the minor's request for a continuance under supervision. So did the minor object at the hearing that she didn't damage both the windshield and the corner panel? I believe that was brought up in the motion to reconsider the order of restitution. But, you know, it's a matter of grace. And the prior cases that have examined the issue of continuance under supervision under a prior version of the Juvenile Court Act have found that where there has been no, I mean, you can distill it, where there's been no adjudication of delinquency and no finding of guilt, which has occurred in this case, there's been no finding of guilt and no adjudication of delinquency. And the court did anticipate that if she successfully completed her conditions of supervision that the petition would be dismissed. The court would have had no authority to dismiss the petition if there had been any kind of finding of guilt. And if there had been any kind of finding of guilt or adjudication of delinquency, then we would have had a final order here as, you know, under NMAJN. Let me ask a question. The state's sole argument in its brief is jurisdiction. Yes. Should we take that to mean that you don't disagree with the subsummate issue raised about the restitution? No, Your Honor. We didn't reach that because we didn't disagree. You didn't make any argument of any alternative or anything, so should we take that as your? It's just the state's position is truly there is no reason to reach that because there is no jurisdiction because this order is not a final order and the Illinois Supreme Court has not provided for an ineluctatory appeal. Can you think of any other situation in which an order or a series of orders that ultimately results in the disposition of litigation is not reviewable? In the juvenile court area? In any area. Well, it is, as was pointed out in NMAJN, if you have an order that finally determines on the merits the issues between the parties, no matter what it purports to be, if the order in fact does that, then you do have a final order. So, you know, as was pointed out in NMAJN, you have to look at the substance of the order to determine whether you have a final appeal of the order, no matter what the proceedings were. And so in circumstances, which I can't really think of right now, in any circumstance where you can say that the final order disposed of on the merits of the issues between the parties, then you do have a final order that's appealed, no matter what it purports to be. But in this case, we truly do have continuance under supervision because there was no finding available, there was no adjudication of delinquency. The court anticipated having the authority to ultimately dismiss this petition. So it is not a final appealable order, and this court simply does not have jurisdiction. The defendant points out that under Supreme Court Rule 604, criminal defendants can appeal continuance under supervision. But that is clearly a rule that applies only to the criminal area and applies to criminal sentencing statutes because the rule is very specific about it. But the point is that since the Illinois Supreme Court has provided for interlocutory appeals under the Juvenile Court Act in some circumstances and has specifically omitted this circumstance, it can be inferred that the Illinois Supreme Court has decided that an interlocutory appeal should not apply in this circumstance. For that reason, yes. Thank you, counsel. Counsel? I thought I was finally going to have a case with no rebuttal, but I just can't do it. Obviously, we all get how ridiculous this is. Just calling an interlocutory order over and over again doesn't make it so. And we shouldn't be reading any of the rules or statutes or anything else that might apply to cause an absurd result, and that's exactly what this does. If we insist this is an interlocutory order, it can't be appealed. And she said more than once it is a matter of grace, the system that we have of supervision to let this kid get right with the world and ultimately get the benefit of having the whole thing dismissed. How is it a matter of grace? What if instead of paying restitution or this small amount of restitution, what if they said, it's your car now and you owe her $12,000. How is that grace? Or what if you're going to go to the juvenile facility until you get this paid off, but if you do all that, then we're going to pretend none of it ever happened. How is that grace? That's not how the system is supposed to work. Somewhere along the line, someone decided this child was guilty. They probably did it based on her admission, and I'm not arguing that there's anything wrong with that. In fact, I'm arguing that must be what happened. And if I were asking you to review that decision that she was guilty, I'd agree that there's no jurisdiction, but I'm not asking that. I'm asking you to review the restitution order. And obviously you see that it can't be reviewed here. It's never reviewed, and there's no other system, no other case or other type of decision that is completely immune from review. So why should we do that to some kid just because she's a kid? We wouldn't do it if this was in a different, if this didn't have this rule that she keeps referring to that we must be reading wrong because that doesn't make any sense. And there's no reason to exempt her from the exact same review that everybody else in the world gets. And so we obviously see that, so I don't have to keep talking and talking and making a fool of myself. So let's go with that. Please find if there was jurisdiction, if this restitution order needs to be modified, vacated, thrown out, and let her go home. Okay. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. The court will be in a short recess. Thank you.